IN THE UNTED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 MAY 11 A 11: 36

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| Michael Joe Green, | * |
| Johnny James Brown, and | * |
| Aletha Johnson | * |
| Plaintiffs, | * |
| VS. | * 2:07CV416-wha |
| Drug Enforcement Administration | * |
| Defendant. | * |

## COMPLAINT
## AND MOTION FOR RELEASE AND RETURN OF SEIZED MONEY

Now Come the Plaintiffs/claimants Michael Joe Green, Johnny Brown, and Aletha Johnson by and through the undersigned, and move this Honorable Court for declaratory and injunctive relief and an order releasing and returning to them certain personal property belonging to them unlawfully seized by the Montgomery, Alabama Police Department and subsequently scuttled to the Drug Enforcement Adminstration. To wit: Thirty-Two Thousand Three Hundred Fifty-Three dollars ($32,353.00) in lawful United States currency. As grounds the Plaintiffs show unto the Court the following:

## JURISDICTION

- Jurisdiction is conferred via 5 U.S.C.A. §706, 28 U.S.C.A. §1331, 21 U.S.C.A. §881, 21 U.S.C.A. §877, Fed.R.App.P 15(a) and Rule 41(g) of the Federal Rules of Criminal Procedure, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## PARTIES

- Michael Green is over the age of 18 years and a citizen of Pensacola, Florida. He is the claimant of $21,853.00 of illegally seized funds.

- Johnny Brown is over the age of 18 years and a citizen of Pensacola, Florida and is the claimant of $500.00 of illegally seized funds.

- Aletha Johnson is over the age of 18 years and a citizen of Pensacola, Florida and is the claimant of $10,000.00 of illegally seized funds.

- Drug Enforcement Administration, hereinafter "DEA", is a creation of the Executive Branch of the United States of America with powers derived from the Legislative Branch of the United States of America subject to the jurisdiction of the Courts of the United States of America.

- All events occurred in the City of Montgomery, Montgomery County Alabama.

- J.J. Allen is over the age of 18 years and a Citizen of Montgomery, Alabama.

- Henry Davis is over the age of 18 years and a citizen of Montgomery Alabama and head of the Narcotics Division of the Montgomery Police Department believed to be in current possession of the seized funds.

## FACTS

1. On or about December 6, 2006, the Montgomery Police Department seized approximately Thirty-Two Thousand Three Hundred Fifty-Three Dollars ($32,353.00) in lawful cash, coin, or currency of the United States of America, the property of the plaintiffs/claimants Michael Joe Green, Johnny Brown, and Aletha Johnson without a warrant pursuant to Ala. Code, 1975, §20-2-93.

2. The plaintiffs Michael Joe Green and Johnny Brown were stopped for speeding on Interstate 65 in Montgomery, Alabama. Officer J.J. Allen issued the plaintiff Michael Joe Green a speeding ticket. As Michael Joe Green was returning to his vehicle, Officer Allen asked Mr. Green if he would consent to a search of his car. When Mr. Green refused to consent to the search and kept walking toward his vehicle, Officer Allen followed Mr. Green and took hold of him and threw him to the ground and hand-cuffed him and placed him under arrest.

3. Officer Allen then ordered the passenger Johnny Brown from the vehicle where he was handcuffed and placed under arrest. Officer Allen asked Mr. Green if there was anything in the car he needed to know about. Mr. Green told him that there was approximately $20,000.00 in cash on the backseat floorboard. Officer Allen called a K-9 unit to the scene where the K-9 alerted to the vehicle. A search of the vehicle revealed marijuana and an additional $10,000.00 in the glove compartment. The $10,000 in cash belongs to Aletha Johnson. The search incident to the arrest revealed

3

$1,853.00 located on Michael Joe Green and $500.00 located on Johnny Brown.

4. Brown was charged with Possession of Marijuana, second degree. Green was not charged with any violation other than speeding. Officer Allen took possession of all confiscated cash. Aletha Johnson was not charged with any crime, as she was not present during the stop.

5. From the date of the seizure of the money until the present time there have been no charges filed against Michael Green or Johnny Brown or Aletha Johnson by the City of Montgomery or the State of Alabama, nor the United States of America connecting them with drug trafficking or a drug transaction in which the money seized from their person were the proceeds, or a charge where the money was intended to be used in a drug transaction, i.e. a controlled buy.

6. Mere possession of marijuana, in close proximity of cash, is not a ground for the forfeiture of the cash.

7. The claimants have not engaged in any conduct which would invoke the jurisdiction of the State of Alabama or the United States of America or its agents to continue to detain the plaintiffs' money. Such detention is an unlawful conversion and interferes with the claimants' right of dominion and use of the money and thereby deprives them of their property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section VI of the Alabama Constitution.

8. Although the claimants have continued to lay claim to the money, it is now believed to be in the custody of the Drug Enforcement Administration, therefore interfering with and preventing claimant's right of dominion over and use of the money and thereby depriving him of his property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section VI of the Alabama Constitution.

9. The Drug Enforcement Administration is in illegal possession of the funds as the City of Montgomery had no lawful authority to transfer the seized funds to the DEA under the statute which the funds were seized. The funds were not seized on behalf of the DEA or any other federal agency nor at the request of the DEA or any other federal agency, nor in conjunction with the DEA or any other federal agency.

10. The Drug Enforcement Administration is without jurisdiction to administratively forfeit the seized property because the Circuit Court of Montgomery County, Alabama has already exercised jurisdiction over the res (CV-06-3237) pursuant to state statute and state case law, and to the exclusion of all other courts and agencies pursuant to Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386 79 L.Ed. 850 (1935); Scarabin v. DEA 966 F.2d 989, 993(5th Cir. 1992).

11. The money was not intended to be used in violation of Section 20-2-93 of the Alabama Code, 1975, as amended, or 21 U.S.C. 881(a)(6), nor can the City of Montgomery or the Drug Enforcement Administration make a

    probable cause/prima facie showing of a violation, which must do before they can begin forfeiture proceedings.

12. Montgomery Police Officers had no probable cause to seize the plaintiff's currency. Such seizure is not meritorious, as the police department cannot connect the currency or the claimant with any controlled substance violation involving the currency, which could justify the seizure.

13. Although the claimants have continued to lay claim to the money, it remains in the custody of the City of Montgomery or its agents, the Drug Enforcement Agency therefore interfering with, and preventing the claimant's right of dominion over and use of the money and thereby depriving him of his property without due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article one Section IV of the Alabama Constitution.

## DEMAND FOR JUDGMENT

Plaintiff demands judgment under the following terms:

1. Declaration that the Drug Enforcement Administration is without jurisdiction to conduct forfeiture proceedings regarding the *res*;

2. Mandatory injunctive relief requiring the defendants to immediately cease forfeiture proceedings and restore the plaintiffs their property and;

3. Costs, and;

4. Such other relief as the Court may deem appropriate, the premises considered.

Wherefore, claimant prays that this Court conduct a hearing on this matter at the earliest possible convenience and after the hearing enter its Order restoring all rights to and possession of the money to the claimant.

Date: May 2, 2007

/s/ Joe M. Reed
Joe M. Reed (REE045)
Attorney for Plaintiff