IN THE UNTED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 AUG -6 P 2: 10

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **Michael Joe Green,** | * | |
| **Johnny James Brown, and** | * | |
| **Aletha Johnson** | * | 2:07-cv-00416 |
| Plaintiffs, | * | |
| | * | |
| VS. | * | |
| **Drug Enforcement Administration** | * | |
| Defendant. | | |

## RESPONSE TO SHOW CAUSE

Now come the plaintiffs, by and through the undersigned, and hereby show unto this Honorable Court why the above styled action should not be dismissed, and why the plaintiffs' motion to set aside the forfeiture of the Drug Enforcement Administration, hereinafter "DEA", should be granted. As grounds for such motion, the plaintiffs show unto the Court the following:

### INTRODUCTION

The DEA has the plaintiffs' money and the plaintiffs want it back. This case is not based upon the merits of an administrative forfeiture under federal law. The issue is not whether the DEA's administrative forfeiture proceeding complied with all requirements pursuant to federal law. The issue is whether the DEA could exercise valid *in rem* jurisdiction to initiate administrative forfeiture proceedings and ultimately declare the plaintiffs property forfeited in the first place-given the fact that the res was, and still

is, under the *in rem* jurisdiction of the Circuit Court of Montgomery, Alabama in CC-06-3237.

The government's conclusions of law are, for the most part, correct in this limited sense: The government's cited case law is correct as it pertains to challenging the *merits* of an administrative forfeiture minus an exception to the general rule that the federal courts may, in their discretion and under certain circumstances, review forfeiture decisions by government agencies. See *Matter of 67,400 in U.S. Currency* 901 F.2d 1540, 1544 (11th Cir.1990). The government also cited the law correctly (though it failed to properly apply it to the instant matter) as it pertains to *in rem* and *quasi in rem* jurisdiction-in that no two courts can exercise jurisdiction over the same res at the same time. Before this Court can address the merits of the DEA forfeiture, it first must address the federal jurisdiction in the matter.

The plaintiffs invoke the authority of this Court under 28 U.S.C. 1355 and its "well established supervisory authority over officers of the court" *Matter of 67,400 in U.S. Currency* 901 F.2d 1540, 1544 (11th Cir.1990) quoting *Hunsucker v. Phinney* 497 F.2d 29 (5th Cir. 1974) and backed by precedents in *Morrison v. Allstate Indem. Co* 228 F.3d 1255 (11th Cir. 2000) [a federal court must inquire *sua sponte* into the issue whenever it appears that jurisdiction may be lacking], *Fitzgerald v. Seaboard Systems R.R. Inc.* 760 F.2d 1249, 1251 (11th Cir. 1985)["A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."] to answer the question of whether or not the DEA could exercise valid *in rem* jurisdiction to administratively forfeit a res already under the *in rem* jurisdiction of another court-the Circuit Court of Montgomery, Alabama. For if the DEA could not

exercise valid *in rem* jurisdiction, it could not validly forfeit the plaintiffs' property. And if there is no forfeiture, then the property must be returned to the plaintiffs.

## FACTUAL AND PROCEDURAL HISTORY

1. On or about December 6, 2006, the Montgomery Police Department seized approximately Thirty-Two Thousand Three Hundred Fifty-Three Dollars ($32,353.00) in lawful cash, coin, or currency of the United States of America, the property of the plaintiffs/claimants Michael Joe Green, Johnny Brown, and Aletha Johnson.

2. The plaintiffs Michael Joe Green and Johnny Brown were stopped for speeding on Interstate 65 in Montgomery, Alabama. Officer J.J. Allen issued the plaintiff Michael Joe Green a speeding ticket. As Michael Joe Green was returning to his vehicle, Officer Allen asked Mr. Green if he would consent to a search of his car. When Mr. Green refused to consent to the search and kept walking toward his vehicle, Officer Allen followed Mr. Green and took hold of him and threw him to the ground and handcuffed him and placed him under arrest.

3. Officer Allen then ordered passenger Johnny Brown from the vehicle where he was handcuffed and placed under arrest. Officer Allen asked Mr. Green if there was anything in the car he needed to know about. Mr. Green told him that there was approximately $20,000.00 in cash on the backseat floorboard. Officer Allen called a K-9 unit to the scene where the K-9 alerted to the vehicle. A search of the vehicle revealed marijuana

     and an additional $10,000.00 in the glove compartment. The $10,000 in cash belongs to Aletha Johnson. The search incident to the arrest revealed $1,853.00 located on Michael Joe Green and $500.00 located on Johnny Brown.

4. Brown was charged with Possession of Marijuana, second degree. Green was not charged with any violation other than speeding. Aletha Johnson is not charged with any crime. Officer Allen seized all of the cash, pursuant to Code of Alabama, 1976 Section 20-2-93(b)(4). The seizure was not done at the request, behest, or in conjunction with any federal agents.

5. On or about December 29, 2006, plaintiffs filed an *in rem* or *quasi in rem* action in the Circuit Court of Montgomery, CC-06-3237, hereinafter "state action", seeking a speedy resolution to the return of their property, wherein the plaintiffs contested the legality of the seizure of the funds by Montgomery Police Officers that there was probable cause to believe property was subject to forfeiture under Code of Alabama, 1976 §20-2-93(b) (4).

6. Unknown to the plaintiffs, the City of Montgomery, acting without lawful statutory authority, illegally gave the plaintiffs property to the DEA for forfeiture purposes in order to receive an illegal kickback. The DEA adopted the seizure by the City of Montgomery on January 11, 2007, and allegedly took possession of the property sometime thereafter.

7. The state action was removed to federal court on February 1, 2007, under case number 2:07-cv-92, before the Hon. W. Keith Watkins, United States District Judge, Middle District of Alabama.

8. On or about February 5, 2007, the plaintiffs moved to have the matter remanded to the Circuit Court of Montgomery, Alabama and on April 17, 2007, Judge Watkins ordered it so.

9. On or about April 26, 2007, the plaintiffs filed a motion to dismiss CC-06-3237, in state court. Though captioned a motion to dismiss, the text indicated that it was a motion for summary judgment.

10. On May 11, 2007, the plaintiffs filed the instant action.

11. All transactions by the DEA occurred <u>after</u> the *in rem* or *quasi in rem* action was filed in the Circuit Court of Montgomery County.

12. On or about May 14, 2007, the Circuit Court granted the plaintiffs motion to dismiss, which was substantively a motion for summary judgment.

13. A joint motion to reinstate the case was filed by both parties and later objected to by the City of Montgomery which resulted in a hearing on July 31, 2007.

14. Sometime after the DEA seized the plaintiffs' property, the DEA allegedly notified all parties who may have had an interest, and receiving no response, forfeited the currency on June 13, 2007.

15. On or bout July 31, 2007, after hearing evidence and argument of counsel, the Circuit Court ordered CC-06-3237 reinstated, and allowed for the pleadings to be amended, and set the matter for trial. The Circuit Court of Montgomery County never relinquished jurisdiction of the *in rem* or *quasi in rem* matter since the initial filing on December 29, 2006 as it continues to exercise jurisdiction notoriously and openly.

## ISSUES AND QUESTIONS

The issue before the court is purely jurisdictional. The question before the court is whether the DEA could validly exercise *in rem* jurisdiction to administratively forfeit a res, which was already under the *in rem* jurisdiction of another court, in this case the Circuit Court of Montgomery, Alabama. The plaintiffs believe the answer to that question is, no.

## IN REM JURISDICTION

As admitted by the United States, the law as it pertains to *in rem* jurisdiction is well settled. "Since the earliest days of the Republic the rule has been established that, when state and federal courts each proceed against the same *res,* the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other. *Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935)". "The purpose of the rule is '[t]o avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and to protect the judicial processes of the court first assuming jurisdiction.' *Id.* (citations omitted). In this context, we have previously recognized that comity requires the dismissal of federal

6

forfeiture proceedings when a state court has jurisdiction over a res as a result of continuing state forfeiture proceedings or when a state statutory scheme vests lawful authority over a res in state court." See *United States v. One 1987 Mercedes Benz Roadster 560 SEC...* 2 F.3d 241 (7th Cir. 1993) citing *United States v. $79,123.49* 830 F.2d 94, 96-99, (7th Cir. 1987); See *Scarabin v. DEA* 966 F.2d. 989 (5th Cir. 1992)[ A federal agency cannot obtain jurisdiction over the *res*-and thus cannot find the *res* administratively forfeit-when a state court obtains jurisdiction first and never relinquishes that jurisdiction]. "Thus, a federal court must yield to a prior state proceeding." *United States v. $25,000.00 in U.S. Currency* 2003 WL 22159054. Federal Courts have held that forfeiture actions under 21 U.S.C. 881 are actions in rem. See *U.S. v. Ursery* 518 U.S. 267, 288-289 (1996), *U.S. v. Carrell* 252 F.3d 1193, 1199 (11th Cir.2001). Alabama courts have held that forfeiture proceedings under Ala. Code § 20-2-93 are likewise *in rem*. See *Money v. State* 717So.2d 38, 46 (Ala.Cr.App.1997)[forfeitures under 21 U.S.C.881 are *in rem* and like forfeitures under §20-2-93], *Ex parte Kelly* 766 So.2d 837 (Ala. 1999), *Ex parte Koger* 110 So. 573 (Ala. 1926) *Wherry v. State ex rel Brooks* 637 So.2d 1353, 1355 (Ala.Cv.App. 1994). There is no dispute that the action in the Circuit Court of Montgomery County, Alabama pre-dates the seizure of the res by the DEA and the subsequent forfeiture proceeding. *In re Approxamately 28 Grams of Marijuan* 278 F.Supp 1097 (N.D. Cal. 2003) the District Court held that

> Federal authorities may not "muscle in" on state proceedings in order to gain control over property seized by state police. See *United States v. $506,231,* 125 F.3d 442 (7th Cir.1997). When federal authorities seek to gain control over a *res* already in the control of a state court, the proper procedure is to seek turnover order from that court. *Id.* Federal courts cannot bypass state laws giving seized property into the exclusive control of state courts by "trumping" the state court's jurisdiction-such is precisely the unseemly conflict between judicial systems that *Penn General* sought to avoid.

See also *United States v. One 1979 Chevrolet C-20 Van,* 924 F.2d 120 (7th Cir.1991).

7

Alabama law governing the procedure for actions instituted under § 20-2-93 provides a mechanism for any party claiming a superior right to the res to intervene by motion. See § 28-4-286 (No replevin or detinue writ may be employed to retake possession of such seized property pending the forfeiture action, but any party claiming a superior right may intervene by motion in said action and have his claim adjudicated.) Thus a turnover order is needed as well from an Alabama court.

The remaining question is whether the Circuit Court of Montgomery County exercised valid *in rem* jurisdiction over the seizure pursuant to state statute and whether proceedings pursuant to that statute are *in rem* or *quasi in rem*, and whether state statutes and/or case law vested jurisdiction in the state courts. In making this determination, federal courts look to relevant state statutes and case law. See <u>United States v. One 1987 Mercedes Benz Roadster 560 SEC VIN WDBBA48D3HA064462</u> F.3d 241 (7th Cir. 1993) citing <u>United States v. $79,123.49</u> 830 F.2d 94, 96-99, (7th Cir. 1987); See <u>Scarabin v. DEA</u> 966 F.2d. 989 (5th Cir. 1992), <u>United States v. $25,000.00 in U.S. Currency</u> 2003 WL 22159054, <u>United States v. $506,231,</u> 125 F.3d 442 (7th Cir.1997).

## **JURISDICITION OF ALABAMA COURTS REGARDING FORFEITURE AND/OR IN REM ACTIONS**

According to Code of Alabama 1976, §12-11-30, Alabama courts have *exclusive* original jurisdiction, shared only with the state district courts, of *all* civil actions in which the amount of controversy exceeds $3,000.00. § 20-2-93,Code of Alabama, 1976, is the civil forfeiture statute and Alabama courts have held that proceedings pursuant to that statute are *in rem*. "[A] civil forfeiture action is not an action *in personam* against the

owner or claimant of the property; rather, it is an action *in rem* against the property itself." *Wherry v. State ex rel Brooks* 637 So.2d 1353, 1355 (Ala.Cv.App. 1994) quoting *United States v. One Parcel of Property,* 964 F.2d 814 (8th Cir.1992). The Alabama Supreme Court has held that Alabama courts have exclusive jurisdiction regarding *in rem* actions. See *Ex parte Consolodated Graphite* 129 So. 262, 265 (Ala. 1930)[ "The well-established rule is that where the action is *in rem*, as in this case, that court which first acquires jurisdiction draws to itself the exclusive authority to control and dispose of the res."] Since this action involves an amount in excess of $3,000.00, and is determined to be an action *in rem*, the plain language of the statute as well as controlling case law does not invite federal encroachment, but seemingly specifically bars it.

In *Garrett v. State 739So.2d 49, 52* (Ala.Cv.App. 1999).the Alabama Court of Civil Appeals addressed subject matter jurisdiction of Alabama courts and classification of civil actions pursuant to seizures by local police using Ala. Code. § 20-2-93 as being *in rem*, and vesting jurisdiction exclusively in Alabama courts, not subject to divestment.

> In *City of Gadsden v. Jordan,* [Ms. 2970342, July 31, 1998] --- So.2d ---- (Ala.Civ.App.1998), this court explained the basis of subject-matter jurisdiction in a forfeiture proceeding:
>
>> "A civil forfeiture proceeding is an action *in rem* against the property itself. *Wherry v. State ex rel. Brooks,* 637 So.2d 1353, 1355 (Ala.Civ.App.1994).
>> " 'To have subject matter jurisdiction in an *in rem* proceeding, a court must have both the jurisdictional authority to adjudicate the class of cases to which the case belongs and jurisdictional authority over the property which is the subject matter of the controversy.'
>> "*Ruth v. Department of Legal Affairs,* 684 So.2d 181, 185 (Fla.1996). As a court of general jurisdiction, the circuit court had jurisdictional authority to adjudicate the class of cases to which this action belongs. *See* Ala. Const. Amend. 328, § 6.04(b). The circuit court also had jurisdictional authority over the property that is the subject matter of the controversy. *See Republic Nat'l Bank of Miami v. United States,* 506 U.S. 80[, 113 S.Ct. 554, 121 L.Ed.2d 474] (1992). *A court acquires jurisdiction over the property in an* in rem *proceeding when the res is validly seized and brought within the control of the court. Id.* at 84-85[, 113

9

> S.Ct. 554]. *In Alabama, the res is validly seized either pursuant to 'process issued by [a] court,' see § 20-2-93(b), Ala.Code 1975; Brown & Hagin Co. v. McCullough, 194 Ala. 638, 69 So. 924 (1915), or pursuant to one of the exceptions listed in § 20-2-93(b)(1)-(4), Ala.Code 1975....  In order to have subject matter jurisdiction in a forfeiture case, 'the court must have actual or constructive control of the res when an in rem forfeiture suit is initiated.' Republic Nat'l Bank of Miami v. United States, 506 U.S. at 86[, 113 S.Ct. 554].  '[J]urisdiction, once vested, is not divested.' Id. at 84[, 113 S.Ct. 554]."*

The res was brought in control of the court when Montgomery Police Officers seized the plaintiffs money pursuant to Ala. Code, 1976 § 20-2-93(b)(4). The court had custody and/or constructive control of the res by virtue of state statute in that §20-2-93 (d) states that "property seized under this section ... is deemed to be in the custody of the municipal, county, or state law enforcement agency subject only to the orders of the court having jurisdiction over the forfeiture proceedings." *emphasis added*. The action filed by the plaintiffs is *in rem*, or at the least *quasi in rem* and merely "jump started" the forfeiture proceeding under § 20-2-93 wherein the plaintiffs' action provided a forum for the forfeiture interests of the City of Montgomery and/or the State of Alabama to be pled and heard.

The DEA's conclusion that the action before the Circuit Court of Montgomery, Alabama is in personam and not *in rem* because of the caption on the pleadings is contrary to Alabama law and is nothing more than form over substance. Alabama courts define a *quasi in rem* action as "an action against a person in respect of a res..." *Ex parte Bruner* 749 So.2d 437, 440 (Ala. 1999). The state action filed in the Circuit Court of Montgomery County against the City of Montgomery and individual officers is "in respect of the res".

10

**Adoptive Forfeiture Doctrine**

The DEA appears to contend that in adopting the seizure from the City of Montgomery and proceeding under 21 USC 881, that it was given exclusive jurisdiction as to the forfeiture proceeding. However, the adoptive forfeiture or seizure doctrine does not divest states of validly exercised jurisdiction. No case in the federal courts has held such. Although not specifically advocated in its motion, the DEA seemingly implies that it does. This assertion, if it is implied, is in error. In *United States v. $79,123.49* 830 F.2d 94, 96-99, (7th Cir. 1987) the Court addressed this contention disagreed with the government in a similar assertion where the government relied on 21 U.S.C. Section 881, to establish jurisdiction of a res already under the jurisdiction of another court. There the Court stated

> Finally, the government relies on the unique properties of 21 U.S.C. § 881 as establishing district court jurisdiction in this case. The government notes that exclusive jurisdiction of actions under § 881 belongs in the federal courts. *See* 28 U.S.C. § 1355. This hardly establishes that the state court lacked jurisdiction, however, since that court was proceeding under a valid Wisconsin forfeiture statute. The United States does not argue that § 881 preempts state forfeiture actions, nor could it, given Congress' clear contrary intent. *See* 21 U.S.C. § 903 (anti-preemption provision of Controlled Substances Act).

Obviously, if such contention was accurate, *Penn General Casualty* would cease to be the law of the land, and jurisdiction by taking or by force would be the law of the land instead.

## CONCLUSION

The application of the law is straightforward. Proceedings under 21 U.S.C. 881 are in rem and proceedings under Ala.Code 1976, §20-2-93 are in rem as well. Both the United States Supreme Court and the Alabama Supreme Court are in agreement that two

11

courts cannot exercise *in rem* jurisdiction over the same res, and that the first to exercise jurisdiction over the res does so to the exclusion of all other courts (and agencies).

Since the Circuit Court of Montgomery, Alabama exercised valid jurisdiction, and has continued to exercise that jurisdiction pursuant to state statute and controlling case law, and the filing of CC-06-3237 pre-dates the federal seizure, and subsequent forfeiture proceedings of the DEA, the administrative forfeiture by the DEA is without valid jurisdiction and is thereby void as a matter of law and is due to be set aside and the res returned to the plaintiffs and or their representatives.

Wherefore, premises considered, the plaintiffs pray that this court grant their motion to set aside the administrative forfeiture of the DEA and return the plaintiffs their money.

Respectfully Submitted,

_____
Joe M. Reed
Attorney for Plaintiffs

Address of Counsel:

Faulk & Reed, LLP
524 S. Union Street
Montgomery, AL  36104
334.834.2000
334.834.2088 fax

## Certificate of Service

I hereby certify that the foregoing was served on the Honorable John T. Harmon, Assistant United States Attorney, P.O. Box 197, Montgomery, AL 36101 by electronic notification this 5th day of August, 2007.

_____
Joe M. Reed

13