```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF ALABAMA
                       NORTHERN DIVISION
```

| | |
|---|---|
| Michael Joe Green, | * |
| Johnny James Brown, and | * |
| Aletha Johnson | * |
| | * |
| Plaintiffs, | * |
| | *    CASE NO. 2:07cv416-WHA |
| vs. | * |
| | * |
| Drug Enforcement Administration | * |
| | * |
| Defendant. | * |

<u>REPLY TO RESPONSE TO ORDER TO SHOW CAUSE</u>

Comes now the United States of America, by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and, on behalf of defendant Drug Enforcement Administration, hereby states as follows:

1.  <u>Plaintiffs' Argument Is Not Applicable To The Issues Raised By The United States</u>.

Plaintiffs argue that Section 12-11-30, Code of Alabama (1975) grants the courts of Alabama exclusive original jurisdiction over civil actions where the amount in controversy exceeds $3,000. They also argue that Section 20-2-93, Code of Alabama (1975) is "the civil forfeiture statute" and all actions pursuant thereto are in rem. Accordingly, they argue that "the plain language of the statute as well as controlling case law does not invite federal encroachment, but seemingly specifically bars it." This argument is based upon the state court action <u>Green, et al. v. City of Montgomery, et al.</u> (Action Number CV-06-3237R) which plaintiffs

contend conferred *in rem* jurisdiction upon the state court over the *res* at issue. Based upon the above styled action and the statutes cited, they assert that only the state court can have *in rem* jurisdiction in this matter.

Without comment on this novel position, the United States asserts that, even if plaintiffs' position is correct, it is unavailing in the present case.

A simple review of the "Complaint and Motion for Release and Return of Seized Money" in the above cited state case (See also Attachment A to the Motion to Dismiss) reveals that neither Section 12-11-30 or Section 20-2-93 of the Code of Alabama (1975) is cited as authority, basis or jurisdiction for the action. Moreover, the complaint clearly seeks relief (i.e., an injunction) not available under *in rem* jurisdiction.

A reading of Section 20-2-93 clearly reveals that it is a remedy available only to "state, county or municipal law enforcement agencies" (See Section 20-2-93(b)) to be confirmed by actions filed by the "officer in the county or the Attorney General of the state". (See Section 28-4-286, Code of Alabama (1975) made applicable to such cases by Section 20-2-93(h).

Unless the plaintiffs are asserting that they have authority to file condemnation actions on behalf of the State of Alabama, the action filed by them in state court cannot be brought pursuant to the cited statutes. Any argument that a state court had *in rem* jurisdiction over this *res* founders upon the fact that no

state court action, which allows for *in rem* jurisdiction, has been filed to date.

2. Loss Of *In Rem* Jurisdiction.

Even if the court should find that the state court had *in rem* jurisdiction, the dismissal of the state action upon motion of the plaintiffs destroyed such jurisdiction. At that point, the jurisdiction by the Drug Enforcement Administration (DEA) attached. The subsequent reinstatement of the state court proceeding could not convey in rem jurisdiction as such jurisdiction then exclusively lay with DEA.

3. Statutory Bar.

The United States asserts that 18 U.S.C. § 983(e) is the exclusive remedy to set aside a Declaration of Forfeiture by DEA. The plaintiffs have not complied with that statute and have cited no authority as to why this bar is not applicable. Their complaint is barred by statute and must be dismissed.

Respectfully submitted this 8th day of August, 2007.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Office of the United States Attorney
Middle District of Alabama
131 Clayton Street
Montgomery, Alabama 36104
Telephone:(334) 223-7280
Facsimile:(334) 223-7560

CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2007, I electronically filed the foregoing Reply to Response to Order to Show Cause with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney