**IN THE UNTED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **Michael Joe Green,** | * |
| **Johnny James Brown, and** | * |
| **Aletha Johnson** | * |
| | 2:07-cv-00416 |
| **Plaintiffs,** | * |
| | * |
| **VS.** | |
| | * |
| **Drug Enforcement Administration** | |
| | * |
| **Defendant.** | |

**RESPONSE TO DEFENDANT'S REPLY**
**TO PLAINTIFFS RESPONSE TO SHOW CAUSE ORDER**

Now come the plaintiffs, by and through counsel of record, and hereby respond to defendant's reply to the plaintiffs' response to the Court's show cause order. Plaintiffs aver that the government's position and case law is wholly contingent on the presupposition that the DEA, at all times, gained and exercised jurisdiction over the res at issue properly, and that the plaintiffs seek to have this court void what is otherwise a valid forfeiture on the merits. The plaintiffs aver that the government confuses the voiding a forfeiture based upon the merits with voiding a forfeiture based upon jurisdiction. Voiding a forfeiture based upon jurisdiction is of a different constituent than voiding one based upon the merits. The merits of the forfeiture and the laws governing the set aside of the forfeiture are irrelevant if the DEA never exercised valid jurisdiction in the first place. Defendant raised new contentions and the plaintiffs hereby respond, out of an abundance of caution, to defendant's reply.

**Plaintiffs Argument is Totally Applicable to the Government's case**.

Plaintiffs do not have to plead jurisdiction in their filings in Alabama courts in order to confer jurisdiction in those courts. Jurisdiction is presumed in Alabama courts upon the filing of a complaint because Alabama Circuit Courts are courts of general jurisdiction and the state is a government of plenary powers, assuming all rights to adjudicate all matters not exclusive to the federal courts. Federal jurisdiction must be pled in the caption because the federal government is a government of limited power and it is incumbent on the plaintiff to show jurisdiction. Jurisdiction in state court, if contested, may be contested by the defendant by filing the appropriate motion backed by the appropriate facts and law. The defendant cites no Alabama case law which support its contention that jurisdiction is conferred only if stated in the pleadings, or that the plaintiffs' action is not *in rem* or *quasi in rem*. The City of Montgomery invoked the *in rem* jurisdiction of the Circuit Court of Montgomery Alabama when they seized the plaintiffs' cash pursuant to Code of Alabama 1976, Section 20-2-93. Plaintiffs had to initiate some action to retrieve their money or in the alternative, force the City to "promptly initiate forfeiture proceedings" as mandated by the statute wherein they could adjudicate their claim. Plaintiffs initiated at the very least a *quasi in rem* action which the Circuit Court exercised and continues to exercise jurisdiction open and notoriously in which the City of Montgomery and/or the State of Alabama could commence with forfeiture proceedings. The plaintiffs do not contend that they have the authority to file a condemnation action under 20-2-93; only that a seizure under the statute invokes *in rem* and/or *quasi in rem* jurisdiction. The defendant, however, has not shown Alabama case law holding that the Circuit Court could not exercise *in rem* or at the least quasi *in rem*

jurisdiction over the plaintiffs filing. Although the State has yet to file a forfeiture action, that failure does not confer jurisdiction on the DEA. In <u>U.S. v. $25000 in U.S. Currency</u> 2003 WL 22159054 the district court dealt with a similar issue and stated, "We have found no authority indicating that a failure on the part of the state court to protest the federal proceeding, or by the state to prosecute, allows the district court to assume jurisdiction." quoting <u>United States v. One 1985 Cadillac Seville</u> 866F.2d 1142, 1145-1146 (9th Cir. 1989). (The Ninth Circuit held that there could be no federal *in rem* jurisdiction over the currency because of the prior and ongoing jurisdiction of the state court. It was held to be immaterial that the state did not oppose federal forfeiture of the funds or that the state case was inactive and California apparently was not seeking the *res).*

**Loss of In Rem Jurisdiction-There is no loss of In Rem jurisdiction.**

The government contends that the Circuit Court of Montgomery, Alabama lost jurisdiction of the *in rem* action when it initially dismissed the plaintiffs' case. That simply is not so. The government cites no Alabama case law holding such contention. No final order had been issued by the Circuit Court and no appeal had been taken by the plaintiffs with respect to the dismissal which could divest the trial court of jurisdiction. Rule 59(e) of the Alabama Rules of Civil Procedure gave the trial court 30 days to hear a motion to vacate alter or amend a judgment, which it heard, and subsequently granted. This action illustrated the ongoing and continuous jurisdiction of the Circuit Court. Contrary to the government's position, the time between the dismissal and the reinstatement did not provide a window for the DEA to acquire jurisdiction over the res, and there is no authority federal or state to suggest otherwise. The DEA was exercising

jurisdiction, although improper, on a parallel track with the Circuit Court. It did not seize the res or initiate forfeiture proceedings between dismissal and reinstatement. Even if such act by the DEA had occurred, based on the preceding, the DEA still could not have acquired valid jurisdiction. See <u>United States v. $79,123.49 in U.S. currency</u> 830 F.2d 94, 98 (7th Cir. 1987).

**<u>18 U.S.C. 983(e) is not a statutory bar forbidding the set aside of forfeitures based upon lack of jurisdiction.</u>**

The government contends that 18 U.S.C. Section 983(e) is the exclusive remedy to set aside a Declaration of Forfeiture by the DEA, and that the plaintiffs motion must be set aside because the plaintiffs have not complied with this statute. The government's contention is accurate <u>only</u> if the DEA had exercised valid jurisdiction under 21 U.S.C. 881 to forfeit the property in the first place. Jurisdiction is the threshold question. The government's contention presupposes valid jurisdiction exercised by the DEA which would force one who challenged the merits of the forfeiture to abide by the statute in order to set the forfeiture aside. The plaintiffs, however, contend that the DEA at all times lacked jurisdiction, and setting aside the forfeiture based upon that ground is not required to be pled according to 18 U.S.C. Section 983(e). There is no statutory bar to set aside or dismiss the action based upon the lack of jurisdiction.

**<u>Jurisdiction by transfer was not authorized by state statute.</u>**

The government acquired purported jurisdiction via an illegal transfer of the res from the custody of the circuit court of Montgomery County via the City of Montgomery filling out a federal transfer from called a DAG-71 form. Although the DEA is statutorily authorized to accept money from municipal, county, and state governments for forfeiture

purposes, that power does not automatically confer statutory authority on the City of Montgomery to give away or transfer property seized under state law to another sovereign. Municipalities are creatures of the legislature like the DEA is a creature of Congress with both having specific powers and authority. Nothing in the City of Montgomery's articles of incorporation confer the type of authority exercised in this case. Nothing in Ala. Code 1976, 20-2-93(d) confers authority on any municipality, county or state official to give away or transfer property seized under 20-2-93(d), without order of the court. In fact, plaintiffs believe the statute intends that municipal, county and state law enforcement officials who seize property under the statute are merely custodians of such property on behalf of the circuit court. Section 20-3-93(d) says that

> Property seized under this statute shall not be subject to replevin, but is deemed to be in the custody of the state, county, or municipal law enforcement agency *subject only to the court having jurisdiction over the forfeiture proceedings*. (Emphasis added.)

And by "court having jurisdiction over forfeiture proceedings" the plaintiffs believe that the Alabama legislature meant the Circuit Courts of Alabama. The fact the state has not instituted a forfeiture proceeding is of no consequence as it pertains to federal jurisdiction and the ability to give away a res seized under the statute. If the federal government believed it has a superior right to the res, they were required to file a motion in state court and have that claim adjudicated. Section 28-4-286 which mandates the procedure for filing a forfeiture action pursuant to a seizure made under 20-2-93 states that

> No replevin or detinue writ may be employed to retake possession of such seized property pending the forfeiture action, <u>but any party claiming a superior right may intervene by motion in said action and have his claim adjudicated.</u>

Therefore, in order for the federal courts (and or agencies) to take jurisdiction of property

seized under this statute, they are required to file a motion in the Circuit Court and seek a "turnover order" from the Circuit Court of Montgomery, Alabama. Other federal courts have held the same when confronted with similar language in state statutes, and similar acts between state executive agencies and the DEA. See *U.S. v. One 1979 Chevrolet C-20 Van* 924 F.2d 120 (7th Cir. 1991) followed by *U.S. v. One 1987 Mercedes Benz Roadster 560 SEC, VIN WDBBA48D3HA064462* 2 F.3d 241(7th Cir. 1993); (where there was no authority in the state statute which provided for a transfer of a res seized under state law between two executive agencies, "a turnover order from the circuit court of the county in which the [*res*] was seized" is the appropriate method for seeking authority for a transfer from state authorities to federal authorities.") *Id.* at 123. See also *U.S. v. $25000 in U.S. Currency* 2003 WL 22159054 (N.D. Cal. 2003), *Scarabin v. DEA* 966 F.2d. 989 (5th Cir. 1992).

          Respectfully Submitted,

          /s/ Joe M. Reed
          Joe M. Reed
          Attorney for Plaintiffs

Address of Counsel:

Faulk & Reed, LLP
524 S. Union Street
Montgomery, AL  36104
334.834.2000
334.834.2088 fax

## Certificate of Service

I hereby certify that the foregoing was served on the Honorable John T. Harmon, Assistant United States Attorney, P.O. Box 197, Montgomery, AL  36101 by electronic notification this 9th day of August, 2007.

       /s/ Joe M. Reed
Joe M. Reed