IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL JOE GREEN, JOHNNY JAMES ) <br> BROWN, AND ALETHA JOHNSON,    ) <br> ) <br> Plaintiffs,    ) <br> ) <br> vs.    ) <br> ) <br> DRUG ENFORCEMENT AGENCY,    ) <br> ) <br> Defendant.    ) | CIVIL ACTION NO.  2:07cv416-WHA <br><br> (WO) |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

This cause is before the court on a Motion to Dismiss (Doc. #5) filed by the Drug Enforcement Administration ("DEA") on July 13, 2007.

The Plaintiffs, Michael Joe Green, Johnny James Brown, and Aletha Johnson ("the Plaintiffs"), filed this case against DEA seeking declaratory and injunctive relief and the return of $ 32,353.00.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED.

### II.  MOTION TO DISMISS STANDARD

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack."  A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings.  *Lawrence*, 919 F.2d at 1529.  Under a factual attack, the court may hear

conflicting evidence and decide the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

### III. FACTS

In December 2006, the Montgomery Police Department seized $32, 353.00 from the Plaintiffs during a traffic stop of Plaintiffs Green and Brown. During the course of the stop, the law enforcement officer viewed $20,000 cash in plain view, and a canine unit alerted on marijuana in the vehicle. The remaining cash was found during a search of the vehicle.

On December 29, 2006, The Plaintiffs filed a Complaint and Motion for Release and Return of Seized Money in the Circuit Court of Montgomery County, Alabama. The suit named the City of Montgomery, J.J. Allen, and Henry Davis as Defendants. The currency was not named as a party in the state court complaint.

On January 11, 2007, DEA adopted the City of Montgomery's seizure. According to DEA, DEA adopted the City of Montgomery's seizure for federal forfeiture because DEA's investigation revealed probable cause to believe that the seized currency was furnished or intended to be furnished in exchange for a controlled substance. Plaintiffs do not dispute DEA's representations that it commenced administrative forfeiture proceedings by sending Certified Notice of Seizure Letters, that DEA received the United States Postal Service Domestic Return Receipt for Green and Brown's addresses, and that DEA published notice in *The Wall Street Journal* for three consecutive weeks. No claim was filed by the Plaintiffs.

On February 1, 2007, the Montgomery County Circuit Court case was removed to federal court. The Plaintiffs filed two Motions to Remand. On April 17, 2007, the district court

remanded the case based on the state court Defendants' failure to respond to the first Motion to Remand.

On May 14, 2007, the state court case was dismissed with prejudice. On May 30, 2007, the Plaintiffs moved to set aside the order granting the motion to dismiss and requested that the case be reinstated and the motion styled as a motion for summary judgment. According to the Plaintiffs, on July 31, 2007, the Circuit Court of Montgomery County Alabama reinstated the state court case and set the matter for trial.

## IV.  **DISCUSSION**

Upon review of the Complaint filed in this case, the court finds it somewhat difficult to discern the legal basis for Plaintiffs' requested relief. The Plaintiffs have invoked federal forfeiture statutes, Rules 15 and 41 of the Federal Rules of Criminal Procedure,[1] and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

DEA has argued that this case should be dismissed for lack of subject matter jurisdiction because it is an improper attempt by the Plaintiffs to have this court collaterally review the merits of an administrative forfeiture. The Plaintiffs do not dispute DEA's description of the correct method by which to challenge the merits of an administrative forfeiture, but argue that their challenge is not to the merits, but to subject matter jurisdiction. This court cannot address the issue of an alleged lack of jurisdiction in the administrative forfeiture case unless the court has subject matter jurisdiction in this case. Therefore, the court turns first to the question of

---

[1] To the extent that the Plaintiffs have cited Rule 41, "it is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a Rule 41(e) Motion, but filing a claim in the civil forfeiture action." *United States v. Castro,* 883 F.2d 1018, 1019 (11th Cir. 1989).

jurisdiction in this case.

In *Valderrama v. United States*, 417 F.3d 1189 (11th Cir. 2005), the Eleventh Circuit affirmed the district court's determination that it lacked subject matter jurisdiction over challenges to the legitimacy of a forfeiture proceeding. The Eleventh Circuit stated that it would not review an argument raised on appeal that the United States lacked authority to administratively forfeit the property in question, because that was not a challenge to the process, but was instead a challenge to the merits. *Id.* at 1196. The court explained that it is without jurisdiction to review the merits of an administrative forfeiture. *Id.* Under *Valderrama*, therefore, the Plaintiffs' challenge to the authority of DEA to administratively forfeit the money in question is a merits challenge over which this court has no jurisdiction.

Also in *Valderrama*, the court explained that in 2000, Congress enacted the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), specifically 18 U.S.C. § 983(e), which sets forth the exclusive remedy for seeking to set aside a declaration of forfeiture. *Id.* at 1195. The court stated that a court's review of a § 983(e) motion is limited to determining whether the agency followed proper procedural safeguards. *Id.*

There is a citation in the Complaint filed in this case to provisions of the Constitution which contain procedural due process guarantees. Even construing the Complaint as a § 983(e) motion, however, the Plaintiffs are not entitled to relief. The Plaintiffs have not disputed that they were provided adequate notice in the forfeiture case. The substance of the allegations of their Complaint contains no procedural challenge. Therefore, even if this case were liberally construed as a motion filed pursuant to § 983(e), it seeks relief outside of this court's jurisdiction.

A court may also exercise equitable jurisdiction to consider a challenge to a civil forfeiture. *Valerrama,* 417 F.3d at 1197. The Eleventh Circuit has held, however, that it is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture action when the plaintiff elected not to pursue procedures for an adequate remedy at law. *Id.*; *United States v. Eubanks*, 169 F.3d 672 (11th Cir. 1999). As the lower court in *Valderrama* explained, "courts will permit claimants to challenge an administrative forfeiture when procedural missteps denied them the opportunity to challenge the merits of the forfeiture, but not when claimants had an opportunity to present all of their arguments at the administrative level." *Valderrama v. U.S.,* 326 F. Supp. 2d 1333, 1337 (S.D. Fla. 2004).

In *Eubanks*, cash taken from a vehicle pursuant to a traffic stop was administratively forfeited. DEA sent notices to the potential claimant and published notice in a national newspaper. Years after the forfeiture, the plaintiff filed a motion for return of the money. The court concluded that because the person seeking return of the money had the opportunity to dispute the basis for the forfeiture and failed, without explanation, to do so, the district court could not exercise equitable jurisdiction. *Id.* at 674.

In this case, the Plaintiffs have not disputed that they received adequate notice in the forfeiture case. The Plaintiffs also have not argued that they were precluded from filing a claim or that they could not have challenged jurisdiction in the forfeiture case.[2] Therefore, other than

---

[2] In fact, cases relied upon by the Plaintiffs involved claimants to forfeited property who raised jurisdictional issues in the forfeiture proceedings. *See, e.g., United States v. One 1979 Chevrolet C-20 Van*, 924 F.2d 120 (7th Cir. 1991). Other cases cited by the Plaintiffs, which pre-date the CAFRA, involve procedural challenges. *See, e.g., Scarabin v. DEA*, 966 F.2d 989 (5th Cir. 1992).

the length of time which lapsed between administrative forfeiture and the potential claimants' response, the instant case is indistinguishable from *Eubanks*. Accordingly, this court finds that it cannot exercise equitable jurisdiction in this matter.

Because the court does not have subject matter jurisdiction in this case, it cannot reach the question raised by the Plaintiffs of the propriety of jurisdiction in the forfeiture case.

## V. CONCLUSION

For the reasons discussed it is hereby ORDERED that the Motion to Dismiss (Doc. #5) is GRANTED, and the case is DISMISSED for lack of jurisdiction.

A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 17th day of August, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE